IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY WINIARSKI | : | |
|         PLAINTIFF | : | CIVIL ACTION NO.: 02-2675 |
| v. | : | |
| AMERICAN AIRLINES, INC.; AMR | : | |
| CORPORATION AND AMR EAGLE | : | |
| HOLDING CORPORATION | : | |
|         DEFENDANTS | : | |

**PLAINTIFF'S RULE 16(c) PRE-TRIAL MEMORANDUM**

*I.*  *Brief Statement of Nature of Action and Basis of Jurisdiction*

    This is a personal injury action in which plaintiff Mary Winiarski sustained a severe closed head injury while attempting to remove luggage from the overhead compartment on an international flight. This Honorable Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(2) in that diversity of citizenship exists between the parties and the amount in controversy is certified in excess of $150,000.00, exclusive of interest and costs. Additionally, jurisdiction of this Honorable Court is also invoked in accordance with 28 U.S.C. Section 1331 in that this is a cause of action for personal injuries under Article 17 of the Warsaw Convention.

*II.*  *Brief Statement of Facts*

    This case arises out of an accident under the Warsaw Act which essentially involves a strict liability claim. In this case, the plaintiff was a passenger on American Airlines International Flight from Boston to London on September 16, 2000. After the aircraft landed in London, while attempting to remove her baggage from the overhead compartment, she was struck violently on the

-1-

head and caused to fall back striking her head again, which resulted in a severe closed head injury.

In the spring of 2001, the plaintiff came under the care of William H. Schull, Jr., M.D., an assistant professor of rehabilitation medicine at the University of Pennsylvania.[1]  At that time, Dr. Schull noted that the patient had returned for follow up in the Brain Injury Clinic and has been undergoing therapeutic selective nerve blocks for her left C7 radiculopathy by Dr. Slipman at the Penn Spine Center.  This treatment was secondary to the injuries sustained as a result of this accident.  Dr. Schull performed a physical and neurologic examination and concluded that the patient had suffered a mild traumatic brain injury, cognitive impairments, cervical strain with myofascial pain, left C7 radiculopathy, cervicogenic headaches, cognitive impairments and behavioral dyscontrol secondary to this aviation accident.

Additionally, plaintiff has retained John E. Gordon, Ph.D., who has written two reports dated August 18, 2001 and August 1, 2002.  Dr. Gordon, who is a board certified clinical neuropsychologist, has concluded that Mary Winiarski was functioning with a low average range of measured general intelligence and that the neuropsychological testing is indicative of a persistent residual impairment primarily of the subcortical functions associated with the frontal lobe.  In his opinion, the findings of her diminished cognitive function are consistent with the history of a closed head injury as a result of the subject accident.

Mary Winiarski, was only 43 years of age, had been successfully employed by Nordstrom Department Store in King of Prussia working in the shore department handling special sales

---

[1] Unfortunately, Dr. Schull has recently passed away and plaintiff's care will be overtaken by other physicians at the University of Pennsylvania including Drs. Robinson and Franklin.

involving quadriplegics, polio victims, diabetics and other physically impaired individuals. Before the accident, she was in excellent health. Before the accident, her average annual earnings were approximately $36,000.00; however, due to physical and mental injuries as a result of the accident, she is unable to work on a full-time basis, and even assuming she were able to do so, Dr. Jennings concluded a significant loss of earnings per year of approximately $11,000.00 over her work life.

The plaintiff has also retained David Hopkins, ASA, MAAA, an actuarial and economic expert. All told, Mr. Hopkins has concluded that Ms. Winiarski has suffered a loss of earnings which, on average, amounts to approximately $800,000.00. Plaintiff's medical expenses amount to approximately $12,000.00.

In sum, this is a case of clear liability and in light of the above discussion, plaintiff's settlement demand of $135,000.00 is quite reasonable.

Plaintiff anticipates calling three damage experts at the time of trial, including plaintiff's treating physicians at the University of Pennsylvania Health System. Three of those expert reports and curriculum vitae are attached hereto as **Exhibit "A"** and incorporated by reference herein.

### III.   *List of Monetary Damages*

Plaintiff Mary Winiarski claims the following damages:

1. Pain and suffering (past and future);
2. Emotional distress;
3. Mental anguish;
4. Disfigurement;
5. Loss of enjoyment of life and life's pleasures;
6. Severe restrictions of plaintiff's level of activity that she will experience for the

      remainder of her life;

7.      Medical expenses amount to approximately $15,000.00 to date; and

8.      Loss of earnings amount to approximately $800,000.00.

IV.      **_List of Witnesses_**

Plaintiff may call the following witnesses at the time of trial:

1.      Mary Winiarski
      700 Cherry Tree Road
      Apartment G-3
      Aston, PA 19014

2.      Annmarie Birmingham
      9 East Pansey Drive
      Aston, PA 19014

3.      Deborah J. Franklin, Ph.D., M.D. (treating physician)
      Hospital of the University of Pennsylvania
      Department of Rehabilitation Medicine
      Ground Floor White Building
      3400 Spruce Street
      Philadelphia, PA 19104-4283

4.      Keith Robinson, M.D. (treating physician)
      Hospital of the University of Pennsylvania
      Department of Rehabilitation Medicine
      Ground Floor White Building
      3400 Spruce Street
      Philadelphia, PA 19104-4283

5.      John E. Gordon, Ph.D. (expert)
      Clinical Neuropsychology Associates
      Architect's Building, Suite 1700
      117 South 17th Street
      Philadelphia, PA 19103

6. Donald E. Jennings, Ed.D. (expert)
   Stonewood Office Campus
   826 Bustleton Pike, Suite 109
   Feasterville, PA  19053

7. David L. Hopkins, ASA, MAAA (expert)
   Union Hill Road
   Second Floor
   West Conshohocken, PA  19428

8. Mark I. Ellen, M.D. (treating physician)
   Emory University School of Medicine
   Glenn Memorial Building
   2364 Clifton Road, NE
   Atlanta, GA  30322

9. Len Finkel, D.C. (treating physician)
   221 Pennell Road
   Aston, PA  19014

10. Bruce H. Grossinger, D.O. (treating physician)
    Swarthmore Neurology Associates, P.C.
    23 Chester Pike, Suite 301
    Ridley Park, PA  19078

11. Jennifer Kogan, M.D. (treating physician)
    Hospital of the University of Pennsylvania
    Silverstein Building, 3rd Floor, Suite "C"
    3400 Spruce Street
    Philadelphia,  PA  19104-4283

12. Joan Mollman, M.D. (treating physician)
    Hospital of the University of Pennsylvania
    Silverstein Bldg.
    3400 Spruce Street
    Philadelphia, PA  19104-4283

13. John S. Rizzo, M.D. (treating physician)
    Starer-Rizzo-Fuffini Ophthalmic Associates, P.C.
    Taylor Hospital Medical Building
    8 Morton Avenue, Suite 101
    Ridley Park, PA  19078

14. Curtis Slipman, M.D. (treating physician)
    Hospital of the University of Pennsylvania
    Department of Rehabilitation Medicine
    Ground Floor White Building
    3400 Spruce Street
    Philadelphia, PA  19104-4283

15. John C. Witherell, M.D. (treating physician)
    Ophthalmic Surgical Associates, Inc.
    Crozer Chester Medical - Professional Office Building
    Building 1, Suite 104
    Medical Center Blvd.
    Upland, PA  19013

16. Karen Wyman, P.T. (physical therapist)
    Wyman's Physical Therapy
    419 Marianville Road
    Aston, PA  19014

17. Flight Attendant Alan Pare
    39 Worchester Square, #2
    Boston, MA  02118
    (As if on cross-examination and/or reading sworn deposition testimony into evidence.)

18. Flight Attendant Marshall Banks
    30 Beacon Street, Apartment 2
    Chelsea, MA  02150
    (As if on cross-examination and/or reading sworn deposition testimony into evidence.)

Plaintiffs reserve the right to call any of the witnesses identified by the defendants and also reserve the right to call parties as if on cross-examination and also reserve the right to call rebuttal witnesses.

V.  **_List of Exhibits_**

Plaintiffs may introduce at the time of trial the following exhibits:

P-1.  Plaintiff's medical records, medical bills, radiologic studies and other medical documentation from the following providers:

    a.    Mark I. Ellen, M.D.
          Hospital of the University of Pennsylvania
          Department of Rehabilitation Medicine
          Ground Floor White Building
          3400 Spruce Street
          Philadelphia, PA 19104-4283

    b.    Len Finkel, D.C.
          Pennell Road
          Aston, PA  19014

    c.    Bruce H. Grossinger, D.O.
          Swarthmore Neurology Associates, P.C.
          23 Chester Pike, Suite 301
          Ridley Park, PA  19078

    d.    Jennifer Kogan, M.D.
          Hospital of the University of Pennsylvania
          Silverstein Building, 3rd Floor, Suite "C"
          3400 Spruce Street
          Philadelphia, PA  19104-4283

    e.    Joan Mollman, M.D.
          Hospital of the University of Pennsylvania
          Silverstein Bldg.
          3400 Spruce Street
          Philadelphia, PA  19104-4283

    f.    John S. Rizzo, M.D.
          Starer-Rizzo-Fuffini Ophthalmic Associates, P.C.
          Taylor Hospital Medical Center
          8 Morton Avenue, Suite 101
          Ridley Park, PA  19078

    g.    William H. Shull, Jr., M.D.
Hospital of the University of Pennsylvania
Silverstein Bldg./REDMAN Outpatient Center
Ground Floor White Building
3400 Spruce Street
Philadelphia, PA  19104-4283

    h.    Curtis Slipman, M.D.
Hospital of the University of Pennsylvania
Department of Rehabilitation Medicine
Ground Floor White Building
3400 Spruce Street
Philadelphia, PA  19104-4283

    I.    John C. Witherell, M.D.
Ophthalmic Surgical Associates, Inc.
Crozer-Chester Medical - Professional Office Bldg.
Building 1, Suite 104
1 Medical Center Blvd.
Upland, PA  19013

    j.    Karen Wyman, P.T.
Wyman Physical Therapy
419 Marianville Road
Aston, PA  19014

    k.    Magee Rehabilitation Hospital
6 Franklin Plaza
Philadelphia, PA  19102

    l.    Documentation from any of the other medical providers of plaintiff

P-2.    A-300 General Procedure Manual identified at the deposition of Flight Attendants;

P-3.    Carry-on Baggage Stow Regulations Identified at Flight Attendant's Deposition;

P-4.    Carry-on Baggage Stow Regulations Identified at Flight Attendant's Deposition;

P-5.    Diagram of A-300;

P-6.    Flight Attendant P.A. Card;

P-7.   Crew list of subject flight;

P-8.   Passenger list of subject flight;

P-9.   Mary Winiarski's airline ticket in connection with the subject flight;

P-10.  Person PNR List identified at Flight Attendant's deposition;

P-11.  Event note identified at Flight Attendant's deposition;

P-12.  Telephone message identified at Flight Attendant's deposition;

P-13.  Flight Attendant Report Request dated September 15, 2000;

P-14.  AMR Event Call Center Report prepared by Flight Attendant Alan Pare;

P-15.  AMR event Call Center Report prepared by Flight Attendant Marshall Banks;

P-16.  All correspondence and documents between plaintiffs and defendants;

P-17.  Copy of plaintiff's itinerary from Park Street Travel for travel dated September 14, 2000 through September 22, 2000 on American Airlines.

P-18.  All remaining documents produced by defendants in discovery;

P-19.  All exhibits identified by defendants;

P-20.  Plaintiff's School Records from Garnet Valley High School;

P-21.  Plaintiff's Employment Records from Nordstrom's;

P-22.  Plaintiff's income tax returns;

P-23.  Photographs of plaintiff and family members;

P-24.  Anatomical illustrations and models;

P-25.  Literature in support of plaintiff's claims;

P-26.  Defendants' answers to interrogatories and document requests and requests for admissions;

P-27.  Calendar for the month of September 2000;

P-28.  Chronology of events;

P-29.  Summary of damages and medical bill summary;

P-30.  Plaintiff's expert reports and curriculum vitae including supplemental expert reports;

P-31.  All exhibits identified by any of the defendants;

P-32.  All exhibits identified during cross examination and/or rebuttal

Plaintiff reserves the right to use all exhibits identified by the defendants.

### VI.  *Estimated Days for Trial*

One week.

### VII.  *Special Comments Relating to Legal Issues, Stipulations and Statement*

Plaintiff requests that medical records and bills are admissible. Plaintiff requests a stipulation as to the authenticity of the records produced by the defendants as well as a stipulation that said records are business records of the defendants. Plaintiff also requests a stipulation that this case arises out of an accident under the Warsaw Act which essentially involves a strict liability claim.

Plaintiff has demanded $135,000.00 to settle this case.

Respectfully submitted,

THE BEASLEY FIRM

By:_____
Andrew J. Stern, Esquire
The Beasley Firm
1125 Walnut Street
Philadelphia, PA  19107
(215) 592-1000
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

_____Andrew J. Stern, Esquire, hereby certifies that a true and correct copy of Plaintiff's Pre-Trial Memorandum has been served on the below listed parties by U.S. First Class Mail:

David E. Prewitt, Esquire
Bennett, Bricklin & Saltzburg, LLP
1601 Market Street
16th Floor
Philadelphia, PA  19103-2393


BY:_____
    Andrew J. Stern, Esquire

Date: _____