IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY WINIARSKI | : |
| | : |
| vs. | : |
| | : |
| AMERICAN AIRLINES, INC., et al. | :    NO.  02-2675 |
| | : |
| | : |
| | : |

## MOTION IN LIMINE OF DEFENDANT, AMERICAN AIRLINES, INC. TO PRECLUDE TRIAL TESTIMONY OF DR. DEBORAH FRANKLIN AND DR. KEITH ROBINSON

Defendant, American Airlines, Inc., by and through counsel, hereby moves the Court to preclude the trial testimony of Dr. Deborah Franklin and Dr. Keith Robinson and avers as follows:

1. According to the Court's Superseding Scheduling Order of June 3, 2003 all discovery was to be completed by July 23, 2003, and plaintiff was to comply with the requirements of F.R.C.P. 26(a)(2) for the disclosure of expert testimony forty (40) days prior to the close of the discovery period.

2. Under the provisions of F.R.C.P. 26(a)(2) the disclosure of expert testimony requires that counsel provide the witness' written report prepared and signed by the witness and containing a statement of all opinions to be expressed and the basis and reasons therefore.  Further the rule requires that the qualifications of the proposed expert witness be provided.

3. On July 22, 2003, for the first time, plaintiff's counsel identified two (2) new damages experts, Dr. Deborah Franklin and Dr. Keith Robinson.  However, no records, expert reports or curriculum vitae from either physician were supplied with the letter, and same has not

been supplied to date.

4. Counsel for American Airlines, Inc. has made several attempts through a medical record copy service to obtain from Drs. Franklin & Robinson any and all records pertaining to plaintiff. To date none of those records have been provided.

5. It will be severely prejudicial to the defense to permit either Dr. Franklin or Dr. Robinson to provide expert testimony regarding plaintiff's condition and treatment, when the defense has not been provided with any records or expert witness report regarding such condition or treatment.

6. Plaintiff's counsel contends that Drs. Franklin & Robinson took over the care of plaintiff after her previous physician, Dr. Schull, passed away.

7. Dr. Schull passed away more than five months ago, and plaintiff's counsel had more than adequate time to obtain and supply to defense counsel expert reports from Drs. Franklin & Robinson.

WHEREFORE, it is respectfully requested that the Motion in Limine be granted.

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY:_____
**DAVID E. PREWITT, ESQUIRE
I.D. NO. 13330
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 665-3303
Attorney for Defendant,
American Airlines, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY WINIARSKI** | : |
| | : |
| vs. | : |
| | : |
| **AMERICAN AIRLINES, INC., et al.** | :  NO. 02-2675 |
| | : |
| | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S MOTION IN LIMINE**

Under the provisions of the Court's Superseding Scheduling Order of June 3, 2003 discovery was to have been completed in this case by July 23, 2003. Further the Order directed that plaintiff was to comply with the requirements of F.R.C.P. 26(a)(2) for the disclosure of expert testimony forty (40) days prior to the close of the discovery period. That rule requires not only the supplying of an expert report, but also a curriculum vitae of each expert.

On July 22, 2003 plaintiff's counsel identified two (2) new damages experts, Dr. Deborah Franklin and Dr. Keith Robinson. However, no records, expert reports or C.V.s from either physician were supplied with the letter, and the same has not been supplied to date.

Plaintiff's counsel contends that Drs. Franklin & Robinson took over the care of plaintiff after the previous physician, Dr. Schull passed away. However, Dr. Schull passed away five months ago, and plaintiff's counsel has had more than a sufficient opportunity to obtain expert reports and C.V.s from the proposed expert witnesses.

Counsel for the defendant has made numerous attempts through a medical record copy service to obtain any and all medical records from Drs. Franklin and Robinson pertaining to

treatment of plaintiff.  To date no records have been forthcoming.

It would be severely prejudicial to the defense to permit either Dr. Franklin or Dr. Robinson to testify at trial, when no treatment records, expert reports or curricula vitae have been supplied to the defense.

WHEREFORE, it is respectfully requested that the Motion in Limine be granted.

**Respectfully submitted,**

**BENNETT, BRICKLIN & SALTZBURG LLP**

**BY:** _____
**DAVID E. PREWITT, ESQUIRE**
**I.D. NO.  13330**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**(215) 665-3303**
**Attorney for Defendant,**
**American Airlines, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARY WINIARSKI** : : |  |
| **vs.** : : |  |
| **AMERICAN AIRLINES, INC., et al.** : : : : | NO. 02-2675 |

**CERTIFICATE OF SERVICE**

    I, David E. Prewitt, Esquire, hereby certify that a true and correct copy of the foregoing Motion in Limine of Defendant, American Airlines, Inc. has been served this date upon all interested counsel by way of United States Regular First Class Mail, postage prepaid, addressed as follows:

>Andrew J. Stern, Esquire
>The Beasley Firm
>1125 Walnut Street
>Philadelphia, PA 19107

                         **BENNETT, BRICKLIN & SALTZBURG LLP**

                         **BY:**_____
                                **DAVID E. PREWITT, ESQUIRE**
                                **I.D. NO. 13330**
                                **1601 Market Street, 16th Floor**
                                **Philadelphia, PA 19103**
                                **(215) 665-3303**
                                **Attorney for Defendant,**
                                **American Airlines, Inc.**

DATE:_____